1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SILVINO BUENO-VALDOVINOS,

12                           Petitioner/Defendant,

13       vs.

14  UNITED STATES OF AMERICA,

15                           Respondent/Plaintiff.

16

CASE NO. 09CR3401-LAB/
10CV1740-LAB

**ORDER DENYING MOTION TO
VACATE UNDER 28 U.S.C..
§ 2255**

17          After signing a plea agreement, Petitioner Bueno-Valdovinos pleaded guilty to one

18  misdemeanor and two felony violations of 8 U.S.C. § 1325. The plea agreement waived

19  appeal or collateral attack, unless Petitioner was sentenced to a sentence greater than the

20  high end of the guideline range recommended by the government. (*See* Docket no. 10,

21  ¶ 12.)  In the plea agreement, the parties agreed to the sentence the government would

22  recommend, (*see id.*, ¶¶ 5–9), and the Court on December 21, 2009 imposed a sentence

23  within the recommended guideline range.  Nevertheless, on August 19, 2010, he filed a very

24  brief motion under 28 U.S.C. § 2255, asking that the judgment and sentence be vacated,

25  because "the defendant without any knowledge of the English Language did not know what

26  he was signing, leading by poor Court appointed counsel."  (Docket no. 18 (the "Motion")

27  at 1.)

28  / / /

1    The Court directed the government to obtain and file a transcript of the change of plea
2    hearing held on October 6, 2009 before Magistrate Judge Nita Stormes, which the
3    government did.  (*See* Docket no. 20 ("Tr.").)

4    With the benefit of the transcript, it is now clear that Petitioner's claims are meritless.
5    At the hearing before Judge Stormes, Petitioner was provided with an interpreter.  (Tr. at 3:5
6    (noting that Petitioner's answers were given through an interpreter).)  Petitioner was at length
7    advised of his rights, and questioned about whether he understood them, and he repeatedly
8    confirmed that he did.  (*Id*. at 6:1–10:11.)  He also confirmed that the plea agreement had
9    been translated for him, that he understood the plea agreement, that he discussed it with his
10   attorney, that he was satisfied with his attorney's representation, and that he had no
11   questions about the plea agreement.  (*Id*. at 10:13–11:16.)  He also confirmed he
12   understood and agreed to the waiver of collateral attack.  (*Id*. at 11:17–12:9.)

13   Petitioner's new claims that he didn't understand the plea agreement because he
14   couldn't speak English, or that his attorney didn't explain the agreement to him, are
15   contradicted by the record.  Because the Court did not sentence him above the guideline
16   range recommended by the government, as agreed by the parties in the plea agreement,
17   he waived appeal or collateral attack.  The Motion is **DENIED**.

18   **IT IS SO ORDERED**.

19   DATED:  November 18, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge

09CR3401/10CV1740